IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,130-01 AND WR-67,130-02






EX PARTE WILBERT BRUCE WHITE, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 866817 AND 865941 IN THE 180TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and murder and sentenced to life imprisonment. The First Court of Appeals affirmed his
convictions. White v State, Nos. 01-02-00420-CR and 01-02-00421-CR (Tex. App. - Houston[1st]
October 24, 2003, pets. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because she failed
to investigate shotgun shells that were introduced into evidence and she failed to raise as a defense
that the eyewitnesses had mis-identified Applicant. Specifically, Applicant alleges that counsel was
ineffective for failing to conduct and present a fingerprint analysis of the shotgun shells, when doing
so would have revealed that someone else's prints were on the shells. Counsel was also ineffective
for failing to investigate, develop, and present a challenge to the reliability of the eyewitnesses'
identifications of Applicant.

 The trial court has entered findings of fact and conclusions of law that the totality of the
representation afforded Applicant was sufficient to protect his right to reasonably effective assistance
of counsel. However, Applicant has alleged facts that, if true, might entitle him to relief. Strickland
v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court shall provide Applicant's trial counsel with another opportunity to respond to
Applicant's claims of ineffective assistance of counsel, above. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient as alleged above, and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 6, 2007

Do not publish